UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:11CV-P69-S

**SAMUEL JOSEPH HARPER**                                                                 **PLAINTIFF**

v.

**OLDHAM COUNTY JAIL** *et al.*                                                          **DEFENDANTS**

## MEMORANDUM OPINION

On February 1, 2011, Plaintiff, Samuel Joseph Harper, initiated this civil action under 42 U.S.C. § 1983 while incarcerated at the Oldham County Jail. As Defendants he names the Oldham County Jail, John Mason, Jeff McGohon, Brian Phillips, and Mike Simpson. For the reasons set forth below, the Court will dismiss Plaintiff's complaint because it is clear from the face of the complaint that Plaintiff's claims are time barred.

### I.

Plaintiff alleges as follows:

On 12/08/2009, Deputy Jason Mason arrested the Plaintiff Samuel J. Harper, for "Promoting Contraband–1st Degree, a "Class D. Felony," after a cell search in cell # 229 of the Oldham County Jail. Deputy John Mason completed a Uniform Citation # 09-K560501-3 with Deputy Jeff McGohon listed as a witness. Plaintiff Harper was then read his Miranda Rights and subsequently interrogated by Sergeant Brian Phillips, where Harper refused to answer any questions. Plaintiff Harper was then booked and finger printed.

On 12/23/2009, Criminal Case # 09-F-365, which was created as a result of this "Promoting Contraband-1st Degree" charge, was dismissed by the Commonwealth at the first preliminary hearing in Oldham District Court before Judge Jerry Crosby.

Plaintiff maintains that Defendants' actions in connection with his arrest violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). When the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S.199, 215 (2007).

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). In *Wallace v. Kato*, 549 U.S. 384 (2007), the United States Supreme Court held that a claim for a wrongful arrest "begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397.

Plaintiff's complaint indicates that he was "detained" on the contraband charges on December 8, 2009. He had a year from that date to file his suit. He did not file this action until February 1, 2011, the date he placed his complaint in the prison mail system. As such, Plaintiff filed his complaint over a month late.

For the reasons set forth above, the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*
4411.008